UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>BRIAN MELLAND, *et al.*,<br>Defendants. | Case No. 14-cr-00139-SI-1<br>Case No. 17-cr-00139-SI-1<br>**ORDER DENYING DEFENDANT MELLAND'S MOTION FOR BAIL PENDING APPEAL**<br>Re: Dkt. No. 811, 340 |
|---|---|

On October 5, 2018, the Court heard argument on defendant Brian Melland's motion for bail pending appeal. The government opposes Melland's motion. Melland has filed a notice of appeal, and is scheduled to self-surrender on October 9, 2018.

Where a defendant is convicted and sentenced to prison, the district court is required to detain the defendant pending appeal unless the defendant can show: (1) by clear and convincing evidence that he does not pose a flight risk or danger to the community; (2) the appeal is not for purposes of delay; and (3) the appeal raises a substantial issue of law or fact that is likely to result in reversal, an order for new trial on all counts for which he received a sentence of imprisonment, a sentence that does not include imprisonment, or a reduced sentence to a term of imprisonment "less than the total time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b). When Congress enacted the Bail Reform Act, it "shifted the burden of proof from the government to the defendant" with respect to demonstrating the propriety of remaining free on bail, pending appeal. *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985). Thus, it is the defendant's burden to overcome the presumption that he should be detained while his appeal is pending. *See United States v. Montoya*, 908 F.2d 450, 451 (9th Cir. 1990).

The Court finds that defendant has met his burden to demonstrate that he is not a flight risk

or a danger to the community, and that the appeal is not for purposes of delay. However, the Court concludes that defendant has not demonstrated the third factor necessary for bail pending appeal. Even if the Ninth Circuit concludes that the superseding indictment (which added the Petaluma Greenbriar allegations) should have been dismissed with prejudice, Melland was convicted of numerous counts related to the Houseco loans that were alleged in the original indictment as well as the subsequent indictments. The convictions on the Houseco-related conduct authorize Melland's 100-month sentence, and thus even if defendant prevails on his speedy trial claim on appeal, the Court finds it unlikely that the Houseco-related convictions or sentence would be affected.

Accordingly, the motion is DENIED.

**IT IS SO ORDERED**.

Dated: October 5, 2018

SUSAN ILLSTON
United States District Judge